J. G. CARY, *et al.*, as and together constituting the BOARD OF COUNTY COMMISSIONERS OF DUVAL COUNTY, v. STATE, *ex rel.* LONNIE D. HOWELL.

194 So. 213
Division A
Opinion Filed February 20, 1940

J. *Henry Blount, Martin H. Long* and *Judson Freeman,* for Plaintiffs in Error.

*Cockrell & Cockrell* and *Mabry A. Carlton,* for Defendont in Error.

PER CURIAM.—This case is before us on writ of error to a judgment awarding peremptory writ of mandamus entered in the Circuit Court of Duval County in suit instituted to require the Board of County Commissioners to pay to the relator in that court, Lonnie D. Howell, his salary as Judge of the Court of Crimes as fixed by Chapter 19215, Acts of 1939.

The Act became effective on May 31, 1939. The Honorable Lonnie D. Howell was appointed Judge of the said Court on the 16th day of August, 1939, and immediately assumed the duties of the office.

The record shows that the relator requisitioned payment of his monthly salary more than a month after he had assumed the duties of the office and that on September 20, 1939, the respondents acting officially, by minute entry, denied relator's right to said compensation expressly on the alleged ground, "There is no appropriation for this purpose."

It is alleged that there is sufficient money on hand in the general fund of Duval County with which to pay relator's salary.

It is the contention of respondents that they are not authorized to pay the salary of the Judge of Crimes because no provision was made for the payment of such salary by the Budget Commission of Duval County, that such salary was not included in the current budget and that the Budget Commission is not made a party to this suit.

It is also the contention that there is no such fund as the "general fund of Duval County."

Section 15 of Article XII of our Constitution provides:

"The compensation of all county school officers shall be paid from the school fund of their respective counties, and all other county officers receiving stated salaries shall be paid from the general funds of their respective counties."

So it is that, regardless of how the several funds may be designated by the county authorities in Duval County, the Constitution contemplates that there shall be "general funds" of the county and it requires that the compensation of county officers shall be paid from such funds.

Section 2 of Chapter 19215, Acts of 1939, provides:

"Section 2. There shall be a judge of said court who shall be appointed by the Governor of the State of Florida for a term equal to and coincident with that of the Judge of the Criminal Court of Record of Duval County, Florida, and who shall receive the same compensation as the Judge of the Criminal Court of Record of Duval County, Florida, and shall be possessed of the same qualifications. His compensation shall be payable in equal monthly installments out of the general fund of Duval County, Florida."

The provisions of this section constitute an appropriation from the general funds of the county sufficient to pay the salary in monthly installments and specifically directed that the salary shall be so paid. If this provision of the law is in conflict with the statute creating and providing for the duties, etc., of the budget commission which is in existence in Duval County, then in so far as it conflicts with the provisions of the former Act, it being a later Act takes precedence over and supersedes the conflicting provisions of the former Act.

So it is that we hold that the salary provided by the statute, *supra,* to be paid to the Judge of the Court of Crimes of Duval County was as effectively appropriated and budgeted by the legislative Act as it could have been appropriated and budgeted by the budget commission.

Whether or not the creation of a Court of Crimes of Duval County was wise or unwise is a matter which the courts have no authority to determine. That was a legislative matter and the enactment of the law was the responsibility of the members of the legislature from Duval County. The law is clear and unambiguous. Therefore, it is the duty of the Court to uphold its valid provisions.

The record discloses no reversible error and the judgment is affirmed.

So ordered.

TERRELL, C. J., WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

BROWN, J., dissents in part.

THOMAS, J., dissents.

THOMAS, J., (dissenting).—My view is that the peremptory writ issued in this case was too broad because although the legislature had passed an Act fixing the salary of the judge of the Court of Crimes of Duval County which had the effect of an appropriation, that particular appropriation was not considered in computing the current tax levy, hence only such funds as are available in excess of other appropriations should be ordered paid to the relator.

Because of my belief that the peremptory writ is too broad, I am unable to agree to the opinion concurred in by a majority of the court.